**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RACHEL D. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-1111-HE |
| | ) | |
| METROPOLITAN PROPERTY & | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Rachel D. Evans filed this case against Metropolitan Property & Casualty Insurance Company ("Metro") and Lisa G. Mendez, asserting claims arising out of an automobile accident in June 2011. At the time of the accident, plaintiff was insured by Metro for coverage including medical benefits.

The case was originally filed in Oklahoma state court. Defendants argued they were misjoined and filed a motion to sever. The motion was granted on October 2, 2013. In the order granting the motion, Evans was instructed to choose, within seven days, which defendant she wished to drop and was granted thirty days to amend her petition. On October 16, 2013, not having heard from Evans regarding which party would be dropped, Metro's attorney contacted Evans' attorneys requesting an update on the motion to dismiss. Evans' counsel indicated, by email, that plaintiff had reached a settlement with Mendez and that the amended petition would be filed "as soon as the Dismissal [was] filed." [Doc. #1-25]. The email did not mention any specifics as to the intended amendment, but Evans now indicates

that her intent was to amend the petition to request damages below the $75,000 minimum required for a diversity action in federal court.

Before Evans filed either the motion to dismiss or the amended petition, and before the expiration of the thirty day window to amend granted by the state judge, Metro removed the case to this court. Evans has now moved to remand, arguing that the removal was untimely because Mendez had not yet been formally dismissed, and because the case was removed during the thirty day window to amend. Metro counters that a formal dismissal is not required and that Evans should not be allowed to amend her complaint to avoid diversity jurisdiction.

The general principles applicable to this dispute are clear enough. "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005). Removal is proper "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id.* (emphasis added). However, a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action. § 1446(c). "[T]he propriety of

removal is judged on the complaint as it stands at the time of the removal." Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).

This case was removed within one year of the initial filing, but after thirty days from when defendant received the petition. So the question is whether the email from plaintiff's counsel constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable." The Tenth Circuit has not determined whether, in order to trigger the removal option, a party's voluntary agreement to dismiss claims against a non-diverse defendant is sufficient or whether actual dismissal of the defendant is required. However, many courts have concluded that a voluntary, unequivocal agreement to settle claims as to a non-diverse defendant is sufficient to trigger the removal period where the agreement is enforceable under state law. *See* Turley v. Stilwell, 11-CV-0030-CVE-FHM, 2011 WL 1104543, *3 (N.D. Okla. Mar. 22, 2011) (citing cases).

In Turley, the court considered whether a mediation agreement was sufficient to trigger the removal period. The court determined that because the agreement was voluntary and binding, it was enforceable under Oklahoma law, and thus constituted an "other paper" within the meaning of the removal statute. Here, there is no dispute that the referenced email was sent by plaintiff's counsel and that it stated plaintiff had settled with Mendez. There was nothing tentative or equivocal about the statement, nor was there anything as would suggest doubts as to the settlement agreement's enforceability under Oklahoma law. In these circumstances, the court concludes, consistent with what appears to be the majority of courts

which have confronted the question, that notice of the settlement with Mendez via the email is sufficient to trigger the opportunity for removal and that formal dismissal pursuant to the settlement agreement is not required. *See, e.g.*, Estate of Martineau v. ARCO Chem. Co., 203 F.3d 904, 910 (5th Cir. 2000); Hessler v. Armstrong World Indust., Inc., 684 F. Supp. 393, 394-95 (D. Del. 1988) ("[B]y providing that notice may be given via 'other paper,' the language itself suggests that informal notice is sufficient.").[1]

Finally, plaintiff asserts that the motion to remand is untimely because she intended to amend her petition to seek less than $75,000 in damages and the case was removed before she could do so. Plaintiff has cited no authority, and the court has found none, to support the idea that the possibility of amendment should affect the pertinent periods or deadlines. As noted above, the validity of removal is judged by the complaint at the time of removal. There was no indication of intent to amend to reduce the damages sought in the email sent to defendant. Further, there was no mention to that effect in the state court order granting leave to amend [Doc. #1-24] nor was there any indication that defendant had agreed to anything related to the amendment. In these circumstances, there is no basis for concluding other than that the damages sought at the time of removal were sufficient to satisfy the requirements for diversity jurisdiction.

For the reasons indicated, the removal of this case was proper. Plaintiff's motion to

---

[1]*Neither alternative is without its problems. Allowing the dispute to be triggered by notice of a settlement invites disputes as to whether the notice was sufficiently clear and unequivocal. See State Farm Fire & Cas. Co. v. Valspar Corp. Inc., 824 F.Supp. 2d 923 (D.S.D.)(concluding an email from a party's attorney did not constitute an "other paper", as its suggestion of settlement was too vague.) Requiring a formal dismissal invites gamesmanship in the filing of the dismissal.*

remand [Doc. #4] is **DENIED.**

    **IT IS SO ORDERED**.

Dated this 26th day of December, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE